## Freeman *vs.* Walker,

Smuggling, by the master of a vessel, when it is not gross and attended with serious damage or loss to the owner, is not visited with the penalty of forfeiture of wages ; but the damage actually sustained by the owner may be deducted from the wages due to the master, by way of diminished compensation.

Thus, where a vessel was libelled as forfeited for a violation of the revenue laws, in the importation of gin by the master, without fraud on his part, and the vessel was therefore liberated by the Secretary of the Treasury on payment of costs ; an action was held to be maintainable by the master for his wages, the jury being directed to deduct the costs and expenses thus incurred by the owner, from the amount of wages due to the master.

Whether the owner of a vessel, having sworn, in a petition for a *remittitur,* that the act of the master by which she was forfeited, was done ignorantly and without fraud, can be admitted afterwards to gainsay it, in an action by the master against him for wages, by showing that the proof of the fraud had subsequently come to his knowledge ;—*dubitatur.*

THIS was an action of *assumpsit* for services performed and monies paid ; including the plaintiff's wages and commissions, as master of the defendant's vessel, on a voyage from *Portland* to the *West Indies* and back. The defendant resisted the claim for wages and commissions, on the ground that they were forfeited by the misconduct of the plaintiff. On this point the facts were these : The plaintiff brought home, for himself, several cases of gin, being a prohibited article, in consequence of which, the vessel was seized and

libelled. The defendant presented to the District Judge, a petition for remission of the forfeiture, which was signed and sworn to by him, in the usual form ; therein stating that the gin was imported by the plaintiff ignorantly, and that the forfeiture of the vessel was incurred without any wilful negligence or intention of fraud. A summary inquiry was had before the judge, and on his statement the Secretary of the Treasury remitted the forfeiture on payment of costs. The defendant offered to prove that the plaintiff did knowingly and fraudulently import the gin, and this without the knowledge of the defendant ; and that the proof of such fraud had come to his knowledge long since the petition for a *remittitur* was preferred and sworn to. This offered testimony, the Chief Justice, before whom the cause was tried, rejected, because it contradicted the facts stated and sworn to in the petition, and the proceedings thereon, by means of which the vessel had been restored to the defendant on payment of costs ; and because it was not alleged that the defendant had sustained any other injury than the payment of the costs, which the plaintiff offered to deduct from his demand in this action. And a verdict was returned for the plaintiff, the jury having, by direction of the Chief Justice, deducted those costs from the amount found due to the plaintiff; which was taken subject to the opinion of the court upon the admissibility of the testimony rejected.

*Deblois* argued for the defendant, that the testimony ought to have been received. The general principle is very clear that if the master do any act incurring a forfeiture of the vessel, it is a forfeiture of his wages and emoluments for the voyage. It is a breach of his contract with the owners ; *Moor v. Jones,* 15 *Mass.* 424 ; *Abbot on Ship.* 160 *note* ; 1 *Dal.* 180 ; by which he is bound to reasonable care, prudence, fidelity and skill ; *Cheviot v. Brooks,* 1 *Johns.* 368 ; and if not fulfilled with good faith, there are no legal results from it. 2 *Pet. Adm. app.* 74. So, if he is grossly ignorant of his duty. *Chitty on Contr.* 166 ; *Peake's Ca.* 59 ; 1 *Wash. C. C. Rep.* 142 ; *Abbot on Ship.* 99, 182, *notes.* In the present case, the conduct of the master was an act of barratry ; and it is against the policy of the law that his wages should be paid. *Earl v. Rowcroft,* 8 *East,* 126 ; *Richardson v. Maine Ins. Co.* 6 *Mass.* 117 ; 1 *Stra.* 581 ; 1 *D.*

*&* *E.* 127; *Moss v. Byram,* 6 *D. &* *E.* 179; 3 *D. &* *E.* 277; *Hoit v. Wildfire,* 3 *Johns.* 520.

The oath of the defendant to the petition to the District Judge, forms no objection to the defence, since it was made on the statement of the master himself; for the defendant could have derived his information from no other; and the master knew it was false, but the defendant did not. To make admissions binding, they must be obtained without fraud; 2 *Stark. Ev.* 32; or mistake; 2 *D. &* *E.* 366; and with a full knowledge of all the facts. 1 *Esp. Ca.* 372. And even then, their force and effect must depend upon circumstances. 1 *Phil. Ev.* 83. They stand on no better ground than an answer in Chancery; where, if there has been a further answer, that also shall be taken to expound the first. 3 *Dane's Abr.* 380; 1 *Phil. Ev.* 84, 283; *Rankin v. Homer,* 16 *East,* 191.

*Greenleaf* and *Neal* for the plaintiff.

WESTON J. delivered the opinion of the Court.

This is an action brought by the master of a vessel against the owners for the voyage, for wages and commissions. His claim is resisted, upon the ground of forfeiture for misconduct. By the act complained of, the vessel was by law forfeited; but a representation having been made by the defendant, that the act was ignorantly done; and having been able to satisfy the District Judge, by his own oath and by other proof, that this was the fact; upon a statement to this effect from the judge, the Secretary of the Treasury remitted the forfeiture, upon payment of costs. It is certainly with a very ill grace that the defendant, having sought and obtained the clemency of the government, now refuses to extend it to the master, even if he was in his power. Upon the question, whether the master acted wilfully or ignorantly, the admission of the defendant, when not under oath, would be evidence. If deliberately made, and under the sanction of an oath; but more especially, if made in a judicial proceeding, where that very point was under investigation, it is evidence not easily repelled, if not conclusive as to the defendant. Considering further that the defendant established the fact, he would now con-

trovert, that he succeded in purging the act from all imputation of fraud or wilful misconduct, and thus relieved himself from the injurious consequences to which he was exposed, it would seem not to be going too far to hold him concluded upon this question. But we do not give a decisive opinion upon this point ; as we are satisfied the verdict ought to be sustained upon other grounds. The master is holden to the utmost fidelity in the discharge of his duties ; and he is responsible for any failure in this respect, arising either from negligence or fraud.

It is not true that every illegal act of the master, as for instance an act of smuggling, subjects him, by the marine law, to a forfeiture of his wages and commissions, as a matter of course ; whether it has been followed by damage or not. The marine law looks to the fact of injury. In a gross and aggravated case, or where there has been serious injury and loss, the misconduct of the master may subject him to the forfeiture of his wages. In other cases it may require such equitable reduction from them, as may indemnify the owners for the injury they may have sustained. The case before us could not have been gross ; otherwise the penalty imposed by law, would have been enforced. The damage sustained by the defendant has been ascertained ; and complete justice is done him, by holding the master responsible to that extent, whether he is liable upon the ground of negligence or fraud.

In *Willard v. Dorr*, 3 *Mason*, 161, which was brought by the administratrix of the master of a ship for his wages, it was, among other grounds of defence, objected that at *Sydney* cove, or *Port Jackson*, in *New South Wales*, the master was engaged in smuggling spirits, for which illegal proceeding the ship was seized and detained, and though finally released, expenses were incurred to a considerable amount. *Story J.* in delivering the opinion of the court, says, " Smuggling, on the part of a master, is a criminal departure from duty, and a rank offence, calling upon the court for its most decided reprobation. Where it is gross in its circumstances, and attended with serious damage or loss to the owner, it is such a violation of the master's contract, as may be justly visited with the penalty of forfeiture of wages. And under the most venial and favorable cir-

cumstances, the damages actually sustained by the owner, may be charged upon the wages · of the master, and deducted by way of diminished compensation therefrom." In that case, the wages were not held to be forfeited.

It being the opinion of the court that, if the evidence rejected had been received, it would have entitled the defendant to a reduction from the plaintiff's claim only to the amount of the damage he had actually sustained, and that having been allowed him by the jury, there must be                    Judgment on the verdict.